

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 28, 1975

The Honorable A. R. Schwartz
Chairman, Jurisprudence Committee
Texas State Senate
Capitol Building
Austin, Texas

Opinion No. H- 508

Re: The applicability of articles
36.03(a)(1) and 36.04(a) to
correspondence by an attorney
in behalf of a client addressed
to a grand jury.

Dear Senator Schwartz:

You have asked our opinion as to the applicability of sections 36.03
and 36.04 of the Texas Penal Code to situations where an attorney
corresponds with a grand jury in behalf of a client and furnishes a copy
of such correspondence to the prosecuting attorney. You describe the
situation involved as follows:

> Under Chapter 36 of the new Texas Penal Code,
> Secs. 36.03(a)(1) and 36.04(a)(b), certain influences
> toward public officials are made criminal. It has
> been the practice in Texas for years to permit counsel
> to correspond with Grand Juries regarding pending
> matters provided that opposing counsel is given copies
> of the correspondence and that the correspondence
> contains only a factual presentation. It is my understand-
> ind that such communication,when made openly and with
> notice to opposing counsel,has not affected the secrecy
> of the Grand Jury proceedings and has been found
> appropriate under previous Texas law on the notion that
> it is the Grand Jury's duty to hear all of the facts in a
> case.
>
> . . . .

My question relates to whether Secs. 36.03(a)(1) and 36.04(a)(b) specifically, or any other Sections of Chapter 36 of the new Texas Penal Code, now prohibit such correspondence by Texas attorneys to Texas Grand Juries.

Section 36.03 provides in pertinent part:

(a) A person commits an offense if by means of coercion he:

(1) influences or attempts to influence a public servant in a specific exercise of his official power or a specific performance of his official duty; . . .

Section 36.04 reads in part:

(a) A person commits an offense if he privately addresses a representation, entreaty, argument, or other communication to any public servant who exercises or will exercise official discretion in an adjudicatory proceeding with an intent to influence the outcome of the proceeding on the basis of considerations other than those authorized by law.

(b) For purposes of this section, 'adjudicatory proceeding' means any proceeding before a court or any other agency of government in which the legal rights, powers, duties, or privileges of specified parties are determined.

Notice is made that the term "public servant" as used in sections 36.03 and 36.04 includes a grand juror. Section 1.07(a)(30)(B).

Considering first the relevance of section 36.03 to the question posed, it is clear that the action of a lawyer, in addressing a grand jury by letter in behalf of a client, does not necessarily come within the purview

of section 36.03.  When it is limited to factual matters such communication is not "coercion" as defined by section 36.01, since "coercion" must include a "threat."  See sec. 36.01, Texas Penal Code.

Thus, an attorney's communication by letter with a grand jury in the course of representing a client, the letter containing no "threat" to take some action against the grand jury, does not violate the injunctions of section 36.03(a)(1) of the Penal Code.

You observe that the lawyer writes to the grand jury as a body and not individually to a member and furnishes a copy of the letter to the opposing counsel, the prosecuting attorney.  It is evident, that the attorney has not "privately addressed a representation, entreaty, argument or other communication to [a] public servant" as would be required to generate a violation of section 36.04(a).

We therefore are of the opinion that correspondence by a lawyer to a grand jury, where the communication is addressed to the panel and a copy is given to the prosecuting attorney and where there is no "threat" against the grand jury contained in the correspondence, is not conduct within the operation of either section 36.03 or 36.04.  Further, we know of no other section of Chapter 36 of the Penal Code which would encompass the type of communication discussed herein.

## SUMMARY

Correspondence of counsel addressed to a grand jury in behalf of a client, a copy of which is delivered to the prosecuting attorney, is not prohibited by articles 36.03(a)(1) or 36.04(a), nor by any other section of Chapter 36, Texas Penal Code, so long as it contains no threat.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg